# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TIMOTHY WILLIAMS,

    Petitioner,

v.                                                                                                               CASE NO. 8:13-CV-2104-T-30MAP
                                                                                                       CRIM. CASE NO. 8:04-CR-367-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

# ORDER

      This matter is before the Court for consideration of Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence filed *pro se* pursuant to 28 U.S.C. § 2255 (CV Dkt. 1), memorandum in support of the § 2255 motion (CV Dkt. 2), and motion to proceed in this action *in forma pauperis* (CV Dkt. 4). A motion to vacate must be reviewed prior to service on the United States. *See* Rule 4 of the Rules Governing § 2255 Cases. If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly dismissed without a response from the United States. 28 U.S.C. § 2255(b). Upon consideration of the § 2255 motion and the record, the Court concludes that the § 2255 motion must be dismissed.

## BACKGROUND

      Petitioner pleaded guilty to conspiracy to possess more than five kilograms of a mixture containing cocaine with the intent to distribute, and aiding and abetting the

possession of a firearm in furtherance of a drug trafficking crime (CR Dkts. 44, 46, 96). Petitioner was sentenced to a 248-month term of imprisonment, to be followed by a 60 month term of supervised release (CR Dkt. 96). Petitioner appealed his conviction and sentence. The Eleventh Circuit Court of Appeals affirmed (CR Dkt. 180). Petitioner's request for collateral relief pursuant to 28 U.S.C. § 2255 was denied by this Court on January 30, 2008 (CR Dkt. 222); *see Williams v. United States*, Case No. 8:07-cv-996-T-30MAP (M.D. Fla. 2007).

## DISCUSSION

Petitioner now returns to this Court seeking to vacate his sentence based upon *Alleyne v. United States*, 133 S.Ct. 2151 (2013). "[A] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. §2255(h). *See also* 28 U.S.C. § 2244(b)(3)(A). Because Petitioner has previously sought collateral relief pursuant to § 2255, and he has not demonstrated that he has obtained permission from the Eleventh Circuit to file a second or successive motion, this Court is without jurisdiction to entertain the instant § 2255 motion. *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944-45 (11th Cir. 2005). This case will, therefore, be dismissed without prejudice to allow Petitioner the opportunity to seek said authorization.

ACCORDINGLY, it is **ORDERED** that:

1. The motion to vacate, set aside, or correct an illegal sentence is **DISMISSED**, without prejudice, for lack of jurisdiction (CV Dkt. 1). The **Clerk** is directed to terminate

from pending status the § 2255 motion (CR Dkt. 230) filed in the corresponding criminal case number 8:04-CR-367-T-30MAP.

2. The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for leave to file a second or successive § 2255 motion under 28 U.S.C. § 2244(b).

3. The **Clerk** shall terminate any and all pending motions and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c) (2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a COA should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason

would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Because the instant § 2255 motion is clearly a second or successive motion, Petitioner cannot make the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on August 16, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies furnished to:
Counsel of Record
Petitioner, *pro se*