# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

THEARTIS DANIELS,

    Petitioner,

v.                                              CASE NO. 8:14-CV-240-T-30MAP
                                                  CRIM. CASE NO. 8:04-CR-367-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This matter is before the Court for consideration of Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence filed *pro se* pursuant to 28 U.S.C. § 2255 (CV Dkt. #1), and memorandum in support of the § 2255 motion (CV Dkt. #2). A motion to vacate must be reviewed prior to service on the United States. *See* Rule 4 of the Rules Governing § 2255 Cases. If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly dismissed without a response from the United States. 28 U.S.C. § 2255(b). Upon consideration of the § 2255 motion and the record, the Court concludes that the § 2255 motion must be dismissed as successive.

## BACKGROUND

Petitioner was indicted by a federal grand jury in Tampa, Florida, with one count of conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 846 and

841(b)(1)(A)(ii), and one count of a possession of firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and (c)(1)(A)(i) and 18 U.S.C. § 2 (CR Dkt. #13). This was pursuant to a sting operation wherein the Petitioner and coconspirators agreed to rob a fictional entity of eight (8) to ten (10) kilograms of cocaine. The government filed an Information and Notice of Prior Convictions on February 13, 2006, pursuant to 21 U.S.C. § 851, alleging five prior felony drug convictions for Petitioner (CR Dkt. #146).

On February 27, 2006, a four-day trial commenced, after which the jury found Daniels guilty as charged in the Indictment. On June 1, 2006, the Court sentenced Daniels to a term of life imprisonment, and a ten year term of supervised release as to Count One, and to a consecutive term of five years' imprisonment, and a five year term of supervised release on Count Two (CR Dkt. #167).

On June 6, 2006, Petitioner directly appealed his conviction and final judgment to the Eleventh Circuit Court of Appeals. On February 28, 2007, the Eleventh Circuit affirmed Petitioner's conviction. *See United States v. Daniels*, 218 Fed.App'x 974 (11th Cir. 2007); (CR Dkt. #208). Petitioner's request for collateral relief pursuant to 28 U.S.C. § 2255 was denied by this Court on May 27, 2009 (CR Dkt. #228); see also Case No. 8:08-cv-813-T-30MAP (M.D. Fla. 2008) (Dkt. #18). The Eleventh Circuit denied Petitioner's motion for a certificate of appealability on February 1, 2010 (Case No. 8:08-cv-813-T-30MAP at Dkt. #25).

**DISCUSSION**

Petitioner now returns to this Court seeking to vacate his sentence based upon *Alleyne v. United States*, 133 S.Ct. 2151 (2013). "[A] second or successive [§ 2255] motion must be

certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. §2255(h). *See also* 28 U.S.C. § 2244(b)(3)(A). Because Petitioner has previously sought collateral relief pursuant to § 2255, and he has not demonstrated that he has obtained permission from the Eleventh Circuit to file a second or successive motion, this Court is without jurisdiction to entertain the instant § 2255 motion. *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944-45 (11th Cir. 2005). This case will therefore be dismissed without prejudice to allow Petitioner the opportunity to seek said authorization.

ACCORDINGLY, it is **ORDERED** that:

1. The motion to vacate, set aside, or correct an illegal sentence is **DISMISSED**, without prejudice, for lack of jurisdiction (CV Dkt. 1). The **Clerk** is directed to terminate from pending status the § 2255 motion (CR Dkt. #237) filed in the corresponding criminal case number 8:04-CR-367-T-30MAP.

2. The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for leave to file a second or successive § 2255 motion under 28 U.S.C. § 2244(b).

3. The **Clerk** shall terminate any and all pending motions and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at §

2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a COA should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Because the instant § 2255 motion is clearly a second or successive motion, Petitioner cannot make the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on February 4, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
Petitioner *pro se*